PEOPLE, PLAINTIFF AND APPELLEE, *v.* DELGADO, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in a Prosecution for Malicious Mischief.

No. 2087.—Decided June 19, 1923.

MALICIOUS MISCHIEF—MALICE.—The fact that the defendant fired his revolver at a horse because he thought it was a ghost does not prove the absence of malice.

ID.—PRESCRIPTION.—The appellant apparently is alleging that the crime was not shown to be within the period of prescription, but such an averment is generally a matter of defense.

The facts are stated in the opinion.

*Mr. J. Soto Rivera* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant was accused of malicious mischief in having

entered private property and having there maliciously killed a horse belonging to the prosecuting witness. There was no doubt of the shooting of the horse and the principal ground of error was that no malice was shown.

To justify the lack of malice there was evidence tending to show that the defendant while going to a wake saw something large on the road, thought it was a ghost and shot at it, killing the horse. A person however, who uses a dangerous instrumentality like a pistol must be reasonably certain before he shoots that the shot will do no damage. Here the defendant had reason to believe that the object looming up might be something else than a ghost. From the failure to take precautions or from the carelessness the malice might be inferred. "Malice" is thus defined in the Penal Code:

"The words 'malice' and 'maliciously' import the doing of a wrongful act, intentionally, without just cause or excuse, a conscious violation of the law to the prejudice of another."

In the present case, moreover, the court had a right to believe from the evidence and probably did believe that the facts happened in a different way.

The appellant also maintained that the date of the crime was not proved inasmuch as the year was not specified. We think the whole tendency of the evidence was to show a recent event. The appellant apparently is alleging that the crime was not shown to be within the period of prescription, but such an averment is generally a matter of defense.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.